IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM RAY ROGERS,** | |
| **Plaintiff,** | |
| v. | Case No. 24-CV-1451-SPM |
| **ROXANA CHURCH OF THE NAZARENE,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are two separate motions: (1) Plaintiff's Motion to Remand (Doc.11); and, (2) Defendant's Motion to Dismiss (Doc. 7). For the reasons set forth below, the motion to remand is **GRANTED**; therefore, the Clerk shall remand the case to the Third Judicial Circuit, Madison County, Illinois. Accordingly, the Motion to Dismiss is **TERMINATED** as moot.

### BACKGROUND AND PROCEDURAL HISTORY

On April 23, 2024, plaintiff William Rogers ("Rogers") filed suit against defendant Roxana Church of the Nazarene (the "Church") in the Third Judicial Circuit Court in Madison County, Illinois, cause number 2024MR000124. (Doc. 1-3). Within the complaint, Rogers sought injunctive relief against the Church for allegedly breaching the written by-laws and wrongfully expelling him from the Church, causing him "irreparable harm." (*Id.*). Rogers requested that the purported expulsion be voided and the Church ordered to comply with its own by-laws. (*Id.*).

On June 6, 2024, the Church filed a timely Notice of Removal that asserted

federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1). Specifically, the Church contended that the district court had original jurisdiction because Rogers' claims raised issues governed by the U.S. Constitution and other federal laws. (*Id.*). In other words, the Church contended that it was an ecclesiastical body with its own internal laws of church government, including church membership, and that the First Amendment mandated that the state could not interfere in the governance of religious organizations. (*Id.*).

On June 13, 2024, the Church filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, along with a supporting memorandum of law. (Docs. 7, 8). The Church contended that Rogers failed to set forth a valid cause of action, referring to both the Establishment and Free Exercise Clauses of the First Amendment to support its argument that civil courts could not adjudicate theological controversies, including matters of discipline, faith, or ecclesiastical rule. (*Id.*).

On June 27, 2024, Rogers filed his motion to remand. (Doc. 11). Rogers contended that although the Church raised a "federal defense," the case was not a federal cause of action. (*Id.*).

On July 13, 2024, Rogers filed his response in opposition to motion to dismiss. (Doc. 13). Although Rogers conceded that the First Amendment required courts to defer to the church hierarchy when resolution involved the court to determine and/or weigh church doctrine, that was not the issue in this case. (*Id.*). According to Rogers, this dispute involved a non-doctrinal contract, not "heresy, true belief, the 10 Commandments, or anything like that." (*Id.*). As such, Rogers argued that the motion to dismiss should be denied. (*Id.*).

On July 26, 2024, the Church filed its response in opposition to motion to remand. (Doc. 14). The reply emphasized that this Court had original jurisdiction under 28 U.S.C. § 1331 and referred to the Notice of Removal. (*Id.*). As such, both motions are ripe.

The Court will address Roger's motion to remand before proceeding to the merits of the Church's motion to dismiss.

## DISCUSSION

### I.  Motion to Remand

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where specifically authorized by federal statute. *See Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, a defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action. *Disher v. Citigroup Global Mkts., Inc.,* 419 F.3d 649, 653 (7th Cir.2005), *vacated on other grounds,* 548 U.S. 901 (2006).

As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6 (2003). To determine whether the claim arises under federal law, courts examine the "well pleaded" allegations of the complaint and ignore potential

defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, (1908); *Taylor v. Anderson,* 234 U.S. 74, (1914).

Indeed, a cause of action arises under federal law only when the plaintiff's complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). A federal defense to a claim arising under state law does not create federal jurisdiction and does not authorize removal. *Blackburn v. Sandstrand Corp.,* 115 F.3d 493, 495 (7ht Cir. 1997) emphasis added, *cert. denied*, 522 U.S. 997 (1997).

As the party invoking the jurisdiction of this Court, the Church bears the burden of establishing federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997), abrogated on other grounds by *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 n.2, (1998). The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

"A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Roger's complaint alleged breach of contract, a state law theory. Moreover, the face of the complaint did not reference the First Amendment or the United States Constitution. While the Church is a religious organization and the doctrine of "church autonomy" exists, the complaint itself was not "federal in character." See *Panther Brands, LLC v. Indy Racing League, LLC,* 827 F.3d 586, 589 (7th Cir. 2016).

The undersigned adopts the majority view that a federal question must be contained within the four corners of the complaint to properly confer jurisdiction under Section 1331. See *Adkins v. Illinois Cent. R. Co.,* 326 F.3d 828 (7th Cir. 2003). As such, remand is necessary.

### II. Motion to Dismiss

Because this Court lacks jurisdiction, it will not address the Church's motion to dismiss.

### CONCLUSION

Accordingly, the Court **GRANTS** the motion to remand (Doc. 11) and terminates as moot the motion to dismiss (Doc. 7). As such, the Clerk shall remand this matter to the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:**    <u>August 19, 2024</u>

*s/Stephen P. McGlynn*
_____
**STEPHEN P. MCGLYNN**
**United Stated District Court**
